# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LESLIE JOAN UNDERHILL,**

**Plaintiff,**

**v.**                                                    **Case No:  6:11-cv-1264-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

**Defendant.**

---

# MEMORANDUM OF DECISION

Leslie Joan Underhill (the "Claimant") appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for disability and supplemental security benefits (hereafter "Application").  Doc. No. 1.  Claimant raises three issues on appeal.  First, Claimant argues that the ALJ failed to properly include all of her impairments in his Residual Functional Capacity (hereafter "RFC") assessment and the hypothetical posed to the vocational expert.  Doc. No. 17 at 11-18.  Second, Claimant argues that the Appeals Council failed to properly consider new and material evidence she submitted.  Doc. No. 17 at 18.  Third, Claimant argues that the ALJ did not provide explicit and adequate reasons for discrediting her testimony and these reasons are not supported by substantial evidence.  Doc. No. 17 at 19-22.

The Court finds that the second issue raised is dispositive.  Accordingly, the Court will not address the other arguments Claimant has raised.  For the reasons set forth more fully below, the decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

I.      **MEDICAL AND OPINION EVIDENCE**

    **A.  Treating Physicians**

Claimant has treated with Gail van Diepen, D.O., and Shrimani Reddy, M.D.  R. 359-63, 451-93, 547-72.  Dr. van Diepen treated Claimant for left calf pain, sore throat and chest congestion, as well as counseled her on laboratory results.  R. 359-62.  Dr. van Diepen's records reflect that she assessed Claimant with bronchitis, leg spasms, left calf pain, sciatica and hepatitis C.  R. 359-62.  Dr. van Diepen referred Claimant to Thurman Gillespy, Jr., M.D., for an orthopedic evaluation.  R. 339-43.  After reviewing an x-ray and MRI of Claimant's lumbar spine, Dr. Gillespy diagnosed Claimant with grade I spondylolisthesis at L3 and osteoarthritis, degenerative disc disease of the lumbosacral spine.  R. 342-43.

Based on his findings and Claimant's complaints of left back pain, Dr. Gillespy referred Claimant to Dr. Dinash Kumar Yanamadula.  R. 352-58.  Dr. Yanamadula diagnosed Claimant with lumbar degenerative disc disease, lumbar disc protrusion, lumbar radiculopathy and a herniated lumbar disc.  R. 352, 354.  Dr. Yanamadula injected Claimant with transforaminal epidurals in her left S1, right S1 and left S4.  R. 352, 354.

Dr. van Diepen also referred Claimant to John A. Ortolani, M.D., for her left leg pain.  R. 350-51.  Dr. Ortolani's physical examination revealed "paralumbar muscle tenderness and spasms with pain over the left sciatic nerve," parasthesias in the left thigh with pain down the left leg and an impairment with straight leg raising at seventy degrees.  R. 350.  Dr. Ortolani indicated that his examination revealed a lumbar radiculopathy, but he could not rule out a femoral neuropathy.  R. 350.  Dr. Ortolani indicated that he had Claimant try some lateral glide and extension exercises, but was unable to "release the pressure off this nerve," which suggested that surgical decompression may be necessary.  R. 351.

Dr. Reddy has treated Claimant since 2007.  On December 27, 2007, Dr. Reddy wrote a letter indicating that Claimant "suffers from neuropathy in her lower extremities and back pain due to which she is unable to lift weights."  R. 580.  Dr. Reddy's treatment notes from 2008 and 2009, reflect that he diagnosed and treated Claimant for hepatitis C and hypertension.  R. 459, 470, 474-75, 548, 550, 555, 557, 559, 561.  Dr. Reddy also treated Claimant for lip pain, a urinary tract infection, possible hypothyroidism and chest pain.  R. 548, 550, 555, 557, 559, 560-61.  Dr. Reddy also counseled Claimant on her numerous laboratory results.  R. 459, 470, 550.

## B.   Consultative Examining Doctors

On April 23, 2007, James R. Shoemaker, D.O., examined Claimant on behalf of the Commissioner.  R. 370-76.  Dr. Shoemaker noted that Claimant reported she could not work because she has chronic low back pain that has progressively worsened since sustaining a herniated disk in 1990.  R. 370.  Dr. Shoemaker noted that Claimant is "status post multiple injections" which provide improvement of her back pain for a week.  R. 370.  Dr. Shoemaker noted that Claimant suffers severe pain that is worse on her left side.  R. 370.  Dr. Shoemaker reviewed Claimant's MRI, dated July 12, 2006, and indicated it showed "multi-level degenerative disk disease with facet disease greatest spinal canal narrowing at L3-L4 with ligamentum flavum and facet hypertrophy and bulging disk.  Also narrowing of the left lateral recess and left neural foramen, far laterally."  R. 370.  Dr. Shoemaker also noted that Claimant complained of left hip bursitis and reported a history of bipolar disorder.  R. 370.

Dr. Shoemaker's physical examination revealed that Claimant's "spine shows tenderness to palpation around L2 and also severely tender around L4-L5.  She has significantly decreased [range of motion] of her lumbar spine.  She is tender to palpation throughout her lumbar area."  R. 371.  Otherwise, Dr. Shoemaker's physical examination was normal.  R. 371-72.  Dr.

Shoemaker also conducted a neurological examination that revealed Claimant's "cranial nerves II through XII to be grossly intact.  Deep tendon reflexes are normal bilaterally."  R. 372.  Dr. Shoemaker's "Final Impressions" were that Claimant suffers from chronic low back pain, left hip bursitis and bipolar disorder.  R. 372.  Dr. Shoemaker indicated that Claimant is "in a significant amount of pain and has gone through many types of treatment to help alleviate.  She wants surgery to fix it, but I am not sure why this has not been an option as of yet."  R. 372.

On May 20, 2007, Paul Jacobs, Ph.D., a licensed psychologist, conducted a mental status evaluation.  R. 385-90.  Dr. Jacobs found that Claimant's posture and gait were abnormal because Claimant walked slowly and appeared to be in pain.  R. 385.  Dr. Jacobs found that Claimant's thought processes were abnormal because Claimant "speaks very slowly and appears to be rather simplistic and concrete, though logical, in thinking."  R. 385.  After documenting the results of her mental examination and Claimant's medical treatments, Dr. Jacobs diagnosed Claimant with adjustment disorder with depressed and anxious mood, and major depression that is recurrent and mild.  R. 389.  Dr. Jacobs also diagnosed Claimant with borderline intellectual functioning.  R. 390.  Dr. Jacobs concluded that Claimant was primarily anxious and also depressed.  R. 390.  Dr. Jacobs opined that Claimant's "anxiety and depression appears to be primarily due to her chronic back pain, but may also be related to her" hepatitis C.  R. 390.  Dr. Jacobs opined that Claimant's prognosis was poor "due to the chronicity of her condition and the presence of chronic back pain."  R. 390.

On August 31, 2007, Katherine Billiot, a clinical psychologist, completed a neuropsychological evaluation.  R. 435-40.  Dr. Billiot's evaluation was based on a clinical interview and a battery of psychological tests.  R. 435.  Dr. Billiot's clinical interview indicated that Claimant had received psychiatric treatment in the past, currently takes a number of

medications, exhibited poor eye contact and had a history of drug use. R. 435-36. Dr. Billiot indicated that Claimant's psychological test results revealed that she is mildly depressed, very likely has an unspecified cognitive disorder and has an average intelligence quotient. R. 437-39. Dr. Billiot indicated that Claimant clearly meets the criteria for post-traumatic stress disorder and exhibited signs of dissociative identity disorder. R. 439. Dr. Billiot indicated that Claimant's test scores suggested that she potentially might have brain damage. R. 439. Dr. Billiot further indicated that Claimant's medications would impact her level of concentration and cognitive functioning. R. 440.

Based on her findings, Dr. Billiot diagnosed Claimant with post-traumatic stress disorder, an unspecified cognitive disorder, bipolar disorder, rule out dissociative identity disorder, opiate dependence (in remission) and alcohol dependence (early full remission). R. 440. Dr. Billiot opined that Claimant "is too disorganized to maintain continued employment," which was supported by her job history. R. 440. Dr. Billiot opined that Claimant's symptoms were "too severe for her to benefit from Vocational Rehabilitation services at this time." R. 440. Dr. Billiot also recommended that Claimant continue to receive psychiatric oversight. R. 440.

### C. Non-Examining State Consultants

On May 4, 2007, David Guttman, M.D., completed a physical RFC assessment. R. 377-84. Dr. Guttman found that Claimant can lift/carry twenty pounds occasionally and ten pounds frequently. R. 378. Dr. Guttman found that Claimant can sit, stand and/or walk about six hours in an eight-hour workday, and is unlimited in her ability to push and/or pull within the lift/carry weight restrictions he previously identified. R. 378. Dr. Guttman found that Claimant can never climb ladders, ropes or scaffolds; and can occasionally balance, stoop, crouch and climb ramps or stairs. R. 379. Dr. Guttman found that Claimant can frequently kneel and crawl. R. 379. Dr.

Guttman found that Claimant does not have any manipulative, visual, communicative or environmental limitations.  R. 380-81.

On June 6, 2007, Angela Register completed a psychiatric review technique (hereafter "PRT").  R. 403-16.[1]  Ms. Register found that Claimant suffers from bipolar disorder, alcohol dependence and polysubstance abuse.  R. 406, 411.  Ms. Register found that Claimant has mild difficulties maintaining social functioning and concentration, persistence or pace.  R. 413.  Ms. Register found that Claimant has no restriction on her activities of daily living and no episodes of decompensation of extended duration.  R. 413.  In justifying her findings, Ms. Register reviewed the medical records and concluded that when Claimant takes her medication her "impairment due to mental condition is not severe and does not significantly limit [her] ability to sustain work-related activities."  R. 415.

On August 15, 2007, Steven Wise, Psy.D., completed a PRT and a mental RFC assessment.  R. 417-34.  In his PRT, Dr. Wise found that Claimant suffers from organic mental, affective and substance addiction disorders.  R. 421.  Dr. Wise found that Claimant has moderate difficulties maintaining concentration, persistence or pace.  R. 431.  Dr. Wise found that Claimant has mild difficulties maintaining social functioning and a mild restriction performing activities of daily living.  R. 431.  Dr. Wise found that Claimant has had no episodes of decompensation of extended duration.  R. 431.

In his mental RFC assessment, Dr. Wise found that Claimant was moderately limited in her ability to understand, remember and carry out detailed instructions.  R. 417.  Dr. Wise found that Claimant is moderately limited in her ability to set realistic goals or make plans independently of others.  R. 418.  Otherwise, Dr. Wise found that Claimant is not significantly limited in the areas of understanding and memory, sustained concentration and persistence,

---

[1] The record does not reflect Angela Register's medical qualifications.

social interaction and adaptation. R. 417-18. Dr. Wise opined that Claimant can carry out simple tasks, can understand and remember basic tasks, can relate to supervisors and coworkers and can adapt to simple changes and avoid work hazards. R. 419. Dr. Wise opined that Claimant can complete a normal workweek without excessive interruptions from her psychologically based symptoms. R. 419. Dr. Wise also opined that Claimant can "maintain concentration and attention for routine, uncomplicated tasks for two-hour periods during an eight-hour workday." R. 419.

On September 21, 2007, Reuben Brigety, M.D., completed a physical RFC assessment. R. 443-50. Dr. Brigety found that Claimant can lift/carry twenty pounds occasionally and ten pounds frequently. R. 444. Dr. Brigety found that Claimant can sit, stand and/or walk about six hours in an eight-hour workday, and is unlimited in her ability to push and/or pull within the lift/carry weight restrictions previously identified. R. 444. Dr. Brigety found that Claimant can occasionally climb ramps, stairs ladders, ropes or scaffolds. R. 445. Dr. Brigety found that Claimant can frequently balance, stoop, kneel, crouch and crawl. R. 445. Dr. Brigety found that Claimant should avoid concentrated exposure to environmental hazards, but otherwise does not have any manipulative, visual, communicative or environmental limitations. R. 446-47.

## II.  ADMINISTRATIVE PROCEEDINGS

On February 28, 2007, Claimant filed her Application, alleging a disability onset date of February 6, 2007. R. 174-81. In her work history report, Claimant reported her past work as being a mail machine operator, nurse's aid, production worker, telephone operator, waitress, factory worker, cashier and collector in a medical billing business. R. 232. The Application was denied initially and on reconsideration. R. 87-92. Claimant requested a hearing before an ALJ and the hearing was conducted on August 5, 2009. R. 23-85. Anthony Francis, M.D., an

orthopedic surgeon, Carlos Kronberger, Ph.D., a clinical psychologist, and a vocational expert testified at the hearing.  R. 23.[2]  Dr. Francis testified that he agreed with the RFC opinions of Drs. Guttman and Brigety.  R. 31.  Dr. Kronberger testified that Claimant is not limited in her ability to understand, remember or carry out simple instructions, or make judgments with regard to simple work related decisions.  R. 41.  Dr. Kronberger testified that Claimant is moderately limited in her ability to understand, remember and carry out complex instructions, as well as make judgments on complex work related decisions.  R. 41.  Dr. Kronberger testified that Claimant is moderately limited in her ability to interact with the general public, coworkers and supervisors.  R. 41.  Dr. Kronberger also testified that Claimant is moderately limited in her ability to appropriately respond to usual work situations and to changes in a routine work setting. R. 42.  On August 28, 2009, the ALJ issued his decision denying the Application and finding Claimant not disabled.  R. 11-20.

In his written decision, the ALJ found that Claimant suffers from the severe impairments of degenerative disc disease, hepatitis C, hypertension and mixed bipolar disorder.  R. 13.  The ALJ found that Claimant has the RFC to perform light work with the following limitations:  can lift/carry twenty pounds occasionally and ten pounds frequently; can sit, stand and walk for six to eight hours or longer; can occasionally climb ramps and stairs, but cannot climb ropes, ladders or scaffolds; can frequently balance, stoop, kneel, crouch and crawl; and should not work at unprotected heights or around dangerous machinery.  R. 16.  The ALJ found that Claimant does not have any impairments with regard to understanding, remembering, carrying out or making judgments on simple work related decisions.  R. 16. The ALJ found that Claimant is moderately impaired in her ability to act appropriately with the general public, co-workers and supervisors.

---

[2]  Drs. Francis and Kronberger are non-examining state consultants.  R. 18.

R. 16.   The ALJ found that Claimant is moderately impaired in her ability to appropriately respond to work situations and changes in a routine work setting.   R. 16.[3]

In reaching his RFC finding, the ALJ found that Dr. Billiot's opinion was "less persuasive" because it sharply contrasted with the record medical evidence.   R. 18.   The ALJ gave "greater weight" to the opinions of Drs. Brigety, Wise, Francis and Kronberger because "their findings and conclusions are based on a complete review of the medical evidence and are consistent with the totality of the medical evidence of record . . . ."   R. 18.   Relying on the vocational expert's testimony, the ALJ found that Claimant can perform her past work as a telephone operator, circulation clerk, cashier II and assembler of plastic hospital products.   R. 19.

On October 28, 2009, Claimant requested the Appeals Council review the ALJ's decision.   R. 7.   On June 24, 2011, the Appeals Council denied Claimant's request for review.   R. 1-6.   In denying Claimant's request for review, the Appeals Council acknowledged that Claimant had submitted new evidence, including Dr. Reddy's December 27, 2007, letter.   R. 5.

## III.   LEGAL STANDARDS

### A.   THE ALJ'S FIVE-STEP DISABILITY ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520(a), 416.920(a).   In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the

---

[3]   The ALJ defined "moderate" as "more than a slight limitations of function" but the "person can still perform the designated task in a satisfactory manner."   R. 16.

claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted). The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.  STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also

must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

### C. REMEDIES

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause.  42 U.S.C. § 405(g)(Sentence Four).  To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence.  *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt.  *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).  A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice.  *See Walden v. Schweiker*, 672 F.2d 835, 840 (11th

Cir. 1982). The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098.   Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[4]

## IV.   ANALYSIS

Claimant contends the Appeals Council failed to evaluate the new and material evidence she submitted:   Dr. Reddy's December 27, 2007, letter indicating that Claimant "suffers from neuropathy in her lower extremities and back pain due to which she is unable to lift weights." Doc. No. 17 at 18 (internal citation omitted).   Claimant asserts Dr. Reddy's letter was "new because it was not available to the ALJ at the time of the ALJ's decision." Doc. No. 17 at 18. Claimant asserts Dr. Reddy's letter was material "because the inability to lift weights would preclude [her] from doing any work, which would support a finding of disability and change the ALJ's decision." Doc. No. 17 at 18.

The Commissioner argues that the Appeals Council considered Dr. Reddy's letter "but found that it did not provide a basis for changing the ALJ's decision."   Doc. No. 18 at 18 (internal citations omitted).   The Commissioner contends that Dr. Reddy's opinion, as expressed in his letter, is vague and not supported by his treatment notes. Doc. No. 18 at 19.   Although not

---

[4] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence.   *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation).   After a sentence-four remand, the District Court enters a final and appealable judgment immediately, and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

explicitly stated, the Commissioner appears to assert that Dr. Reddy's opinion was not entitled to any weight because the Commissioner "considers supportablity in deciding the weight to be given to any medical opinion." Doc. No. 18 at 19.

Generally, a claimant may present new evidence at each stage of the social security administrative process. *Flowers v. Comm'r of Soc. Sec.*, 441 F. App'x. 735, 745 (11th Cir. 2011). The Appeals Council must consider "new and material" evidence relating "to the period on or before the date of the [ALJ's] hearing decision." 20 C.F.R. §§ 404.970(b), 416.1470(b). New evidence is material and warrants remand if "'there is a reasonable probability that the new evidence would change the administrative outcome.'" *Flowers*, 441 F. App'x at 745 (quoting *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1989).

"When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence." *Id.* at 745 (citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980)). Thus, the Appeals Council must demonstrate or articulate in some manner that it has appropriately evaluated the new evidence. *Id.* "If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record.'" *Id.* (quoting *Epps*, 624 F.2d at 1273).

In *Flowers*, the ALJ properly rejected the opinions of claimant's treating and examining physicians, relying instead upon the opinion of a non-examining physician, which was well supported by the medical findings contained in the records from the treating and examining physicians. *Id.* at 740-43. The claimant submitted new evidence to the Appeals Council consisting of new treatment records and opinions from claimant's treating physician. *Id.* at 746.

The Appeals Council adopted the ALJ's decision without meaningfully addressing the new evidence. *Id*. The Eleventh Circuit reversed finding that the Appeals Council had not adequately considered the claimant's new evidence. *Id*. at 745. The Eleventh Circuit stated that "apart from acknowledging that Flowers had submitted new evidence, the Appeals Council made no further mention of it or attempt to evaluate it." *Id*. The Eleventh Circuit noted that the new evidence before the Appeals Council was from a treating physician while the ALJ had relied, albeit properly in that case, on the opinion of a non-examining physician. *Id*. at 746-47. Thus, to the extent the non-examining physician's opinion contradicted the opinion of the treating physician, the non-examining opinion must be accorded little weight. *Id*. at 747. Accordingly, the case was remanded for consideration of the new evidence because there was a reasonable possibility that the new evidence would change the administrative outcome. *Id*.

In the case at bar, it is undisputed that Dr. Reddy's letter is new evidence. In its order denying review, the Appeals Council listed Dr. Reddy's letter as "additional evidence" that it was making a part of the record. R. 5. There is no dispute that Dr. Reddy's letter relates to the period on or before the date the ALJ rendered his decision. Dr. Reddy's letter is dated December 27, 2007, and was rendered after the date Claimant alleges she became disabled, February 6, 2007, and before the ALJ rendered his decision.

In his December 27, 2007, letter, Dr. Reddy diagnosed Claimant with a new condition, neuropathy in her lower extremities, and opined that due to neuropathy and back pain Claimant could not lift weights. R. 580. Drs. Guttman and Brigety both opined that Claimant can lift/carry twenty pounds occasionally and ten pounds frequently. R. 378, 444. Dr. Francis agreed with these lift/carry restrictions. R. 31. Light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds." *Jones v. Astrue*,

No. 09-61470-CIV, 2010 WL 2990148 at *6 (S.D. Fla. July 8, 2010).  Dr. Reddy's opinion could be interpreted as placing a more restrictive weight lifting limitation than that imposed by Drs. Guttman, Brigety and Francis.  As a result, Dr. Reddy's opinion could be interpreted as indicating that Plaintiff cannot perform light work.  Because Dr. Reddy's opinion is the only opinion from a treating doctor in the record, it must be accorded substantial or considerable weight, absent good cause to do so.  *See Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).

In its order denying review, the Appeals Council simply stated that it "considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council," but found this "information does not provide a basis for changing the [ALJ's] decision."  R. 1-2.  As in *Flowers*, the Appeals Council merely acknowledged receiving Dr. Reddy's letter as new evidence, but did not attempt to evaluate it.  As in *Flowers*, the new evidence is a medical opinion from a treating doctor that contradicts the physical RFC opinions rendered by non-examining state consultants.  As in *Flowers*, this case must be remanded for consideration of the new evidence because there is a reasonable possibility that the new evidence will change the administrative outcome.

## V.    <u>CONCLUSION</u>

For the reasons stated above, it is **ORDERED** that:

1.    The final decision of the Commissioner is **REVERSED** and **REMANDED**, pursuant to sentence four of 42 U.S.C. § 405(g); and

2.    The Clerk is directed to enter judgment in favor of Claimant and close the case.

**DONE and ORDERED** in Orlando, Florida on September 5, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Dr
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable John D. Thompson, Jr.
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Desoto Building #400
8880 Freedom Crossing
Jacksonville, FL 32256-1224